**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL WEST, | : | |
| Plaintiff, | : | Civil Action No. 16-5427 (CCC) |
| v. | : | **MEMORANDUM OPINION** |
| KEVIN P. MATTHEWS, | : | |
| Defendant. | : | |

*Pro se* Plaintiff Michael West brings this civil rights action in forma pauperis, alleging violations of his constitutional rights. At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). It appearing:

1. All of Plaintiff's claims arise from an arrest and criminal prosecution against Plaintiff in 2010 that ultimately resulted in a conviction. (*See* ECF No. 1 at 5-6.) Indeed, Plaintiff makes substantially the same claims in a federal habeas petition that is also before this Court. *See West v. United States*, No. 13-5339 (D.N.J. filed Aug. 29, 2013); (*see also* ECF No. 1 at 5 (referencing Plaintiff's § 2255 petition)). Plaintiff alleges that he was falsely arrested, his house illegally searched, and that he was falsely prosecuted. (ECF No. 1 at 5-6.)

2. To the extent some of Plaintiff's claims implicate his conviction or sentence, those claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). As the Supreme Court explained:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

> conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-87. In *Wilkinson v. Dotson*, the Supreme Court further clarified its *Heck* holding, finding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." 544 U.S. 74, 81-82 (2005). This case law similarly applies to civil rights claims against federal officers under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Kaplan v. Miller*, 653 F. App'x 87, 89-90 & n.1 (3d Cir. 2016).

3. In order to assert any claims that would call into question the validity of his conviction or sentence, Plaintiff must establish that his conviction has been reversed, expunged, or declared invalid, which Plaintiff does not and cannot establish—indeed, on the same day as the date of this Memorandum Opinion, the Court dismissed Plaintiff's § 2255 petition without prejudice, and in so doing, did not find the conviction or sentence to be invalid. As such, any such claims are barred by *Heck*, and therefore are dismissed without prejudice.

4. To the extent Plaintiff has remaining claims that do not implicate Plaintiff's conviction or sentence, those claims are time-barred. Under New Jersey law, an action for an injury caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. N.J.S.A. § 2A:14-2; *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 859-60 (3d Cir. 2014). Federal courts look to state law to determine the limitations period for § 1983 actions. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007); *Lagano*, 769 F.3d at 859-60. Civil

rights or constitutional tort claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. *Lagano*, 769 F.3d at 859-60. Accordingly, New Jersey's two-year limitations period on personal injury actions governs Plaintiff's claims. *Id.*

5. Here, Plaintiff's claims all arise out of events that occurred in 2010, more than six years ago. To the extent some of his claims do not implicate his conviction or sentence, those claims accrued at the time the alleged wrongful acts occurred. Plaintiff would have had knowledge of the alleged wrongful acts the moment they transpired. Even if Plaintiff makes the argument that his injury-in-fact did not occur until his conviction, the Court entered judgment against Plaintiff on February 22, 2013, more than three years ago. *See United States v. West*, No. 12-cr-332, ECF No. 33 (D.N.J. judgment entered Feb. 22, 2013). Accordingly, the Court finds that any of Plaintiff's claims that do not implicate his conviction or sentence are time-barred, and are therefore dismissed without prejudice.

6. Also before the Court is Plaintiff's motion to amend and to transfer, ECF No. 5. The Court has reviewed the proposed amendments, and they do not cure the defects identified herein. Moreover, as the Court is dismissing the Complaint, the motion to transfer is dismissed as moot.

Claire C. Cecchi, U.S.D.J.

Dated: January 17, 2017

3